Filed 1/15/16  P. v. Strother CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN MATTHEW STROTHER,<br><br>    Defendant and Appellant. | G051945<br><br>(Super. Ct. No. 00ZF0112)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Steven Matthew Strother on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf. We gave Strother 30 days to file written argument on his own behalf. On October 9, 2015, he filed a letter brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised one issue: whether the court erred in denying Strother's motion to be resentenced on his felony convictions pursuant to Penal Code section 1170.18 (all further statutory references are to the Pen. Code, unless otherwise indicated).

In his brief, Strother requested this court resentence him on three first degree burglary convictions so as to make the sentences on the three convictions concurrent, reduce six felony convictions to a "lower count . . . in the interest of justice," and reduce his sentence for evading while driving recklessly "from a life sentence to the maximum penalty below the [three] strike enhancement. In support of these requests, Strother asserts "[he] is not a threat to the public Prop 47."

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered Strother's supplemental brief and the information provided by counsel. We found no arguable issues on appeal. The judgment is affirmed.

2

In February 2002, a jury found Strother guilty of evading while driving recklessly, in violation of Vehicle Code section 2800.2, a felony. In a bifurcated court trial on the priors, the court found true two prison priors pursuant to section 667.5, and four strike priors pursuant to sections 1170.12, subdivisions (b) and (c)(2), and 667, subdivisions (d) and (e)(2). The court sentenced Strother to 27 years to life in prison as follows: 25 years to life on evading while driving recklessly, plus two years pursuant to section 667.5, subdivision (b).

In February 2004, a jury found Strother guilty of possession of a firearm by a felon in violation of section 12021, a felony; shooting at an uninhabited building and dwelling, in violation section 247, subdivision (b), a felony; and three counts of first degree burglary of an inhabited dwelling, in violation of sections 459 and 460, subdivision (a), a felony. A couple weeks later, the court found true all alleged priors (five prior convictions of a serious or violent felony (§ 459) pursuant to sections 1170.12, subdivisions (b) and (c)(2), and 667, subdivisions (d) and (e)(2), and two prior convictions of a serious felony pursuant to section 667, subdivision (a)). The court sentenced Strother to 135 years to life in prison as follows: 25 years to life on each of the convictions plus 10 years pursuant to section 667, subdivision (a).

On April 18, 2013, Strother filed a petition to resentence his "2/25/02-02/10/04" felonies as misdemeanors pursuant to section 1170.18. At a hearing the following week, the prosecution opposed the petition. The court found Strother's convictions ineligible for resentencing and denied his petition.

## DISCUSSION

Section 1170.18 provides, in part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial

court that entered the judgment of conviction in his or her case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

None of Strother's convictions fall within the felonies described in section 1170.18. Accordingly, the trial court correctly determined he was ineligible for resentencing. Section 1170.18 further provides that if the court determines the petitioner's convictions make him eligible for resentencing, the court shall resentence the petitioner unless the court "determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Because his convictions were ineligible for relief under section 1170.18, the court was not required to make a determination as to whether Strother posed an unreasonable risk of danger to public safety.

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

4